## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| Wilfredo Rodriguez individually and on behalf of all those similarly situated<br><br>        PLAINTIFFS,<br><br>  V.<br><br>John Paulson; Solera; Perla Restaurant; Delicias Restaurant; Sereno Beach Bar & Grill; Komakai Sushi Bar; Aroma Cafe; La Concha Hotel Tower, Inc.; Condado Duo La Concha SPV, LLC; Condado Duo La Concha Casino SPV, LLC; Condado Duo La Concha Hotel Tower SPV, LLC;  Fahad Ghaffar; 1919 Restaurant; Ola Oceanfront; Tacos & Tequila; VC Lounge; Veritas Wine and Cognac Bar; Marabar Martini Bar and Lounge; Avo Lounge; Condado Duo Vanderbilt Hotel Towers, Inc.; Condado Duo Vanderbilt Hotel Towers SPV, LLC; Condado Duo Vanderbilt SPV, LLC; International Hospitality Group, Inc.; and John Doe's 1-50<br><br>        DEFENDANTS. | CASE:<br><br><br><br><br><br>JURY TRIAL DEMANDED |

## CLASS ACTION COMPLAINT

PLAINTIFF AND MEMBERS OF THE CLASS, BY WAY OF THIS COMPLAINT, STATES AS FOLLOWS:

1. This is a class action against John Paulson; Solera; Perla Restaurant; Delicias Restaurant; Sereno Beach Bar & Grill; Komakai Sushi Bar; Aroma Cafe; La Concha Hotel Tower, Inc.; Condado Duo La Concha SPV, LLC; Condado Duo La Concha Casino SPV, LLC; Condado Duo La Concha Hotel Tower SPV, LLC; Fahad Ghaffar; 1919 Restaurant; Ola Oceanfront; Tacos & Tequila; VC Lounge; Veritas wine and Cognac Bar; Marabar Martini Bar and Lounge; Avo Lounge; Condado Duo Vanderbilt Hotel Towers, INC.; Condado Duo Vanderbilt Hotel Towers SPV, LLC; Condado Duo Vanderbilt SPV, LLC; International Hospitality Group, Inc.; Hugh A. Andrews and others John Doe's 1-50, for violations of  an Executive

Order of the Governor of Puerto Rico, Mr. Ricardo Rosselló and Puerto Rico Treasury Department directives DA 17-12, 13, 17. During the class period, the defendants illegally and knowingly charged the sales tax which was quashed from collection.

2. Defendant's John Paulson and Fahad Ghaffar are the principal owners of the Resorts included in this class action. The Resorts are the sole administrators of the restaurants claimed in the class action. These restaurants use electronic payment methods, such as Visa, Mastercard and ATM readers, within their facilities to send and received payments and reservations from the customers and guest that consume food and other items.

3. The defendant's benefited from the collection of the sales which was not rendered to the Treasury Depart and neither returned to the customers.

## PARTIES

4. Plaintiff Wilfred Rodriguez is an adult who is a citizen and resident of San Juan, Puerto Rico, who was charged the beforementioned sales tax on the food he consumed in Solera within the time period of the tax being quashed.

5. Defendant John Paulson is a natural person resident of the state of New York. He is a principal beneficiary and organizer of the defendant limited liability corporations included in this claim. Directly and through his agents, has substantial contacts with, and receives substantial benefits and income from its locations in the Commonwealth of Puerto Rico. His principal place of business and where he could be contacted is Paulson and Co., Inc. at 1251 Avenue of the Americas 50th Floor, New York, New York 10020.

6. Defendant Solera is a restaurant located and administered by La Concha Hotel in 1077 Ashford Avenue, San Juan, Puerto Rico 00907.

7.  Defendant Perla Restaurant is a restaurant located and administered by La Concha Hotel in 1077 Ashford Avenue, San Juan, Puerto Rico 00907.

8.  Defendant Delicias Restaurant is a restaurant located and administered by La Concha Hotel in 1077 Ashford Avenue, San Juan, Puerto Rico 00907.

9.  Defendant Sereno Beach Bar & Grill is a restaurant located and administered by La Concha Hotel in 1077 Ashford Avenue, San Juan, Puerto Rico 00907.

10. Defendant Komakai Sushi Bar is a restaurant located and administered by La Concha Hotel in 1077 Ashford Avenue, San Juan, Puerto Rico 00907.

11. Defendant Aroma Cafe is a restaurant located and administered by La Concha Hotel in 1077 Ashford Avenue, San Juan, Puerto Rico 00907.

12. Defendant La Concha Hotel Tower, Inc., is a corporation organized and existing under the laws of the Commonwealth of Puerto Rico, with principal place of business at Condado Center 1102, suite 1, Ave. Magdalena, San Juan, PR 00907. La Concha Hotel Tower, Inc. offers hotel accommodations, fine dining and entertainment for its guest. Directly and through its agents, has substantial contacts with, and receives substantial benefits and income from its location in the exclusive area of Condado, in the capital of the island San Juan, Puerto Rico. La Concha Hotel Tower, Inc. does business as La Concha Renaissance Resort and may be served through its agent Hugh A. Andrews at 64 Washington Street, Corner Luchetti, Condado, Puerto Rico, PR 00907.

13. Defendant Condado Duo La Concha Hotel Tower SPV, LLC, is a limited liability corporation organized and existing under the laws of the State of Delaware, with principal place of business located at 2711 Centerville Road, Suite 400, Wilmington, DE, 19808. Condado Duo La Concha Hotel Tower SPV, LLC offers hotel accommodations, fine dining and entertainment

for its guest. Directly and through its agents, has substantial contacts with, and receives substantial benefits and income from its location in the exclusive area of Condado, in the capital of the island San Juan, Puerto Rico. Condado Duo La Concha Hotel Tower SPV, LLC may be served through its agent Condado Duo La Concha Hotel Tower SPV, LLC at Popular Center 19th Floor, 208 Ponce de Leon Avenue, San Juan, PR 00918.

14. Defendant Condado Duo La Concha SPV, LLC is a limited liability corporation organized and existing under the laws of the State of Delaware, with principal place of business located at 2711 Centerville Road, Suite 400, Wilmington, DE, 19808. Condado Duo La Concha SPV, LLC offers hotel accommodations, fine dining and entertainment for its guest. Directly and through its agents, has substantial contacts with, and receives substantial benefits and income from its location in the exclusive area of Condado, in the capital of the island San Juan, Puerto Rico. Condado Duo La Concha SPV, LLC, may be served through its agent Condado Duo La Concha SPV, LLC, at Popular Center 19th Floor, 208 Ponce de Leon Avenue, San Juan, PR 00918.

15. Defendant Condado Duo La Concha Casino SPV, LLC, is a limited liability corporation and existing under the laws of the Commonwealth of Puerto Rico, with its principal place of business located at Popular Center, 19th Floor, 208 Ponce de Leon Avenue, San Juan, PR, 00918. Condado Duo La Concha Casino SPV, LLC offers hotel accommodations, fine dining and entertainment for its guest. Directly and through its agents, has substantial contacts with, and receives substantial benefits and income from its location in the exclusive area of Condado, in the capital of the island San Juan, Puerto Rico. Condado Duo La Concha Casino SPV, LLC, may be served through its agent Condado Duo La Concha Casino SPV, LLC, at Popular Center 19th Floor, 208 Ponce de Leon Avenue, San Juan, PR 00918.

16. Defendant Fahad Ghaffar is a natural person resident of the state of New York. He is a principal beneficiary and organizer of the defendant limited liability corporations included in this claim. Directly and through his agents, has substantial contacts with, and receives substantial benefits and income from its locations in the Commonwealth of Puerto Rico. His principal place of business and where he could be contacted is Paulson and Co., Inc. at 1251 Avenue of the Americas 50th Floor, New York, New York 10020.

17. Defendant 1919 Restaurant is a restaurant located and administered by Condado Vanderbilt Hotel in 1055 Ashford Avenue, San Juan, Puerto Rico 00907.

18. Defendant Ola Oceanfront is a restaurant located and administered by Condado Vanderbilt Hotel in 1055 Ashford Avenue, San Juan, Puerto Rico 00907.

19. Defendant Tacos & Tequila is a restaurant located and administered by Condado Vanderbilt Hotel in 1055 Ashford Avenue, San Juan, Puerto Rico 00907.

20. Defendant VC Lounge is a lounge located and administered by Condado Vanderbilt Hotel in 1055 Ashford Avenue, San Juan, Puerto Rico 00907.

21. Defendant Marabar Martini Bar and Lounge is a lounge located and administered by Condado Vanderbilt Hotel in 1055 Ashford Avenue, San Juan, Puerto Rico 00907.

22. Defendant Veritas wine and Cognac Bar is a lounge located and administered by Condado Vanderbilt Hotel in 1055 Ashford Avenue, San Juan, Puerto Rico 00907.

23. Defendant Avo Lounge is a lounge located and administered by Condado Vanderbilt Hotel in 1055 Ashford Avenue, San Juan, Puerto Rico 00907.

24. Defendant Condado Vanderbilt Hotel Towers, Inc. is a corporation and existing under the laws of the Commonwealth of Puerto Rico, with its principal place of business located at Condado Center 1102, Suite 1, Ave. Magdalena, San Juan, PR 00907. Condado Vanderbilt Hotel

Towers, Inc. offers hotel accommodations, fine dining and entertainment for its guest. Directly and through its agents, has substantial contacts with, and receives substantial benefits and income from its location in the exclusive area of Condado, in the capital of the island San Juan, Puerto Rico. Condado Vanderbilt Hotel Towers does business as Condado Vanderbilt Hotel and may be served through its agent Hugh A. Andrews at 64 Washington Street, Corner Luchetti, Condado, Puerto Rico, PR 00907.

25. Defendant Condado Duo Vanderbilt Hotel Towers SPV, LLC, is a limited liability corporation organized and existing under the laws of the State of Delaware, with principal place of business located at 2711 Centerville Road, Suite 400, Wilmington, DE, 19808. Condado Duo Vanderbilt Hotel Towers SPV, LLC, offers hotel accommodations, fine dining and entertainment for its guest. Directly and through its agents, has substantial contacts with, and receives substantial benefits and income from its location in the exclusive area of Condado, in the capital of the island San Juan, Puerto Rico. Condado Duo Vanderbilt Hotel Towers SPV, LLC, may be served through its agent Condado Duo Vanderbilt Hotel Towers SPV, LLC at Popular Center 19th Floor, 208 Ponce de Leon Avenue, San Juan, PR 00918.

26. Defendant Condado Duo Vandervilt SPV, LLC, is a limited liability corporation organized and existing under the laws of the State of Delaware, with principal place of business located at 2711 Centerville Road, Suite 400, Wilmington, DE, 19808. Condado Duo Vandervilt SPV, LLC, offers hotel accommodations, fine dining and entertainment for its guest. Directly and through its agents, has substantial contacts with, and receives substantial benefits and income from its location in the exclusive area of Condado, in the capital of the island San Juan, Puerto Rico. Condado Duo Vandervilt SPV, LLC may be served through its agent Condado Duo

Vanderbilt SPV, LLC at Popular Center 19th Floor, 208 Ponce de Leon Avenue, San Juan, PR 00918.

27. Defendant International Hospitality Group, Inc., is a corporation and existing under the laws of the Commonwealth of Puerto Rico, with its principal place of business located at 64 Washington Street, Corner Luchetti, Condado, Puerto Rico, PR 00907. International Hospitality Group, Inc., offers administration of hotels and casino operations and the employment of the necessary personnel to carry out such purpose. Directly and through its agents, has substantial contacts with, and receives substantial benefits and income from its location in the exclusive area of Condado, in the capital of the island San Juan, Puerto Rico. International Hospitality Group, Inc. does business as International Hospitality Group and may be served through its agent Hugh A. Andrews at 64 Washington Street, Corner Luchetti, Condado, Puerto Rico, PR 00907.

28. Defendant Hugh A. Andrews is a natural person resident of the Commonwealth of Puerto Rico. He is a principal beneficiary and organizer of the defendant corporations International Hospitality Group, Inc., included in this claim. Directly and through his agents, has substantial contacts with, and receives substantial benefits and income from its location in the Commonwealth of Puerto Rico. His principal place of business and where he could be contacted is the offices of International Hospitality Group, Inc. at 64 Washington Street, Corner Luchetti, Condado, Puerto Rico, PR 00907.

29. The true names and capacities of Defendants DOES 1 through 50, inclusive, whether individual, corporate, associate or otherwise, are unknown to Plaintiffs, who therefore sues said Defendants by such fictitious names. Plaintiffs will amend their Complaint to allege said Roe Defendants' true names and capacities when the same have been ascertained. Plaintiffs are

informed and believe, and based upon such information and belief alleges that each defendant designated herein is responsible in some actionable manner for the occurrences and injuries alleged herein.

30. At all times herein mentioned, John Paulson, Fahad Ghaffar, Hugh A. Andrews, International Hospitality Group, Inc., and each of them, were an owner, a co-owner, an agent, representative, partner, and/or alter ego of each other, or otherwise acting on behalf of each and every remaining defendant, and in doing the things hereinafter alleged, were acting within the course and scope of their authorities as an owner, a co-owner, an agent, representative, partner, and or alter ego of its co-Defendants, with the full knowledge, permission and consent of each and every remaining co-Defendant, each co- defendant having ratified the acts of the other co-Defendants.

31. The exact role of each Defendant as pertains to the instant case is known only to the Defendants.

32. When in this Complaint reference is made to any act of Defendants, such shall be deemed to mean that officers, directors, agents, employees, or representatives of the Defendant named in this lawsuit committed or authorized such acts, or failed and omitted to adequately supervise or properly control or direct their employees while engaged in the management, direction, operation or control of the affairs of the Defendant and did so while acting within the scope of their employment.

## **VENUE AND JURISDICTION**

33. Venue is proper because Defendants are corporations and natural persons who are doing business in the Condado area which is part of the Commonwealth of Puerto Rico. The Condado area is in the geographic purview of the United States District Court for Puerto Rico.

34. The U.S. District Court has original jurisdiction of this matter under 28 U.S.C. §1331 because the district courts shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States.  This case is brought under 18 U.S.C. § 1962, R.I.C.O.  There are also state law causes of action related to the RICO claims which may be heard by this Court under 28 U.S.C. § 1367.

## FACTUAL ALLEGATIONS RELATED TO ALL COUNTS

35. Puerto Rico was devastated by the passing of both hurricanes Irma and Maria. The island laid in the wake of one of the most destructive natural events in its history. It had been left without power, running water and for many families, homes.

36. The Government of Puerto Rico, through its various offices and departments scrambled to get relief for its people. The Governor of Puerto Rico, Ricardo Roselló, declared a state of emergency and held that many regulations and laws would be provisionally stayed to bring a bit of tranquility and relief to the people affected by the hurricanes and many other people that came to Puerto Rico to help in the relief efforts.

37. One of the laws that was waived was part of the general 11.5% sales tax, commonly known as "IVU", that applies to every purchase made in Puerto Rico. Via executive order the Governor of Puerto Rico waived the tax on pre-premade food in fast foods and restaurants for an indeterminate time. This executive order was upheld by the Secretary of Treasury through the directive DA 17-12, since September 21, 2017 and subsequently amended to extend the period until January 7, 2018 at 11:59 pm Eastern Standard Time.

38. The defendants John Paulson and Fahad Ghaffar are mayor investors of the "La Concha Renaissance Resort" and "Condado Vanderbilt Hotel" located both in Condado, which is an

area located beside the beach in San Juan, Puerto Rico. The Condado area is famously known for being filled with various restaurants and hotels.

39. Located inside both hotels there are various restaurants that are administered and benefit the defendants. The administrators of these hotels are International Hospitality Group, Inc.

40. The defendants La Concha Hotel Tower, Inc.; Condado Duo La Concha SPV, LLC; Condado Duo La Concha Casino SPV, LLC; and Condado Duo La Concha Hotel Tower SPV, LLC, are all corporations who represent the same hotel, casino and restaurant complex being held responsible for the illegal taxes retained.

41. The defendants, Condado Duo Vanderbilt Hotel Towers, INC.; Condado Duo Vanderbilt Hotel Towers SPV, LLC; Condado Duo Vanderbilt SPV, LLC, are all corporations who represent the same hotel and restaurant complex being held responsible for the illegal taxes retained.

42. Had the defendants stated they were charging the before mentioned tax, they would have been fined by the Treasury Department for disregarding and directly violating a Directive. Additionally, the guest and consumers would not have consumed their lunches and dinners that the defendants administered.

43. As shown before, all these corporations have used the same representing agent, thus uncovering an elaborate scheme of alter egos used by the defendants as mean to defraud consumers and guests.

44. Defendants intentionally collected the sales tax without any intention of remitting it to the Treasury Department.

45. On November 4, 2017, Plaintiff Wilfredo Rodriguez was illegally charged the abated tax at Defendants' resorts. Like Plaintiff, members of the class were also illegally charged the abated tax at Defendants' resorts.

## CLASS ACTION ALLEGATIONS

46. Plaintiff brings this suit as a class action on behalf of himself and on behalf of other similarly situated persons pursuant to Fed.R.Civ.P.23(a), 23(b)(2), and/or 23(b)(3). Subject to additional information obtained through further investigation and/or discovery, the foregoing definition of the Classes may be expanded or narrowed. The proposed Classes are defined as follows:

47. **Class**: All persons who were charged the abated tax, during the period it was suspended by the directive, in the restaurants under the control of the defendants in the Commonwealth of Puerto Rico, within the applicable statutory limitations period, including the period following the filing date of this action.

48. **Excluded from the Classes are:** (1) Defendants, Defendants' subsidiaries, affiliates, officers, directors, assigns and successors, and any entity which Defendants have a controlling interest; (2) the Judge to whom this case is assigned and any member of the judge's immediate family. Plaintiff reserves the right to modify the Class and Subclass definitions as further investigation and/or discovery so warrant.

49. **Numerosity**: The members of the Classes are so numerous that joinder of all members is impracticable. Plaintiff reasonably believes that the Classes are comprised of hundreds of consumers throughout Puerto Rico and the rest of the continental United States of America.

50. **Commonality:** Common questions of law and fact exist as to all members of the Classes. These common questions predominate over any questions affecting only individual Class members. These common legal and factual questions include, but are not limited to, the following:

- whether Defendants charged the abated tax during the period it was ordered to not be retained;

- whether Defendants' conduct as alleged herein violates the Governor's Executive Order as well as the Puerto Rico Treasury Department Directives DA 17-12, DA 17-13, DA17-17;

- whether Defendants' conduct as alleged herein constitutes unjust enrichment;

- whether Plaintiff and Class members have sustained monetary loss and the proper measure of that loss; and

These and other questions of law or fact which are common to the members of the Class and predominate over any questions affecting only individual members of the Class.

51. **Typicality**: Plaintiffs claims are typical of the claims of the members of the Class, as all Class members are similarly affected by Defendants wrongful conduct. Plaintiff, like other members of the Classes, were charged the tax in violation of the directive. Plaintiff is advancing the same claims and legal theories on behalf of himself and all absent members of the Class.

52. **Adequacy**: Plaintiffs claims are made in a representative capacity on behalf of the other members of the Class. Plaintiff has no interests antagonistic to the interests of the other members of the proposed Class and is subject to no unique defenses.

53. Plaintiff is similarly situated in interest to all members of the proposed Class and is committed to the vigorous prosecution of this action and has retained competent counsel. Accordingly, Plaintiff is an adequate representative of the proposed Class and will fairly and adequately protect the interests of the Class.  This suit may be maintained as a class action under Fed. R .Civ. P. 23(b) (2) because  Defendants has acted, and/or refused to

act, on grounds generally applicable to the Classes, thereby making appropriate final injunctive relief.

54. In addition, this suit may be maintained as a class action under Fed. R. Civ. P. 23 (b)(3) because a class action is superior to all other available methods for the fair and efficient adjudication of this controversy since joinder of all members is impracticable. The injury suffered by each individual class member is relatively small in comparison to the burden and expense of individual prosecution of the complex and extensive litigation necessitated by Defendants conduct. It would be virtually impossible for members of the Class individually to redress effectively the wrongs done to them. Even if the members of the Class could afford such litigation, the court system could not individualize litigation inasmuch as it presents a potential for inconsistent or contradictory judgments. Individualized litigation increases the delay and expense to all parties, and to the court system, presented by the complex legal and factual issues of the case. By contrast, the class action device presents no management difficulties, and provides the benefits of single adjudication, economy of scale, and comprehensive supervision by a single court.

### FIRST CAUSE OF ACTION
**(Unjust Enrichment)**

55. Plaintiff re-alleges and incorporates by reference the allegations contained in all previous paragraphs above as if fully set forth herein.

56. Plaintiff and Class members conferred a tangible economic benefit upon Defendants by consuming the food prepared in their various restaurants. Plaintiff and Class members would have expected to be reimbursed from the Defendants at the time this benefit was conferred had they known that the checks contained the tax that had been lifted from collection.

57. As a direct and proximate result of Defendant's misconduct as set forth above, Defendants have been unjustly enriched at the expense of Plaintiff and Class members.

58. Because of its wrongful acts and omissions, Defendants charged a higher price at the moment of the check being handed to the customer or guest, therefore making the gain obtained by the defendants beneficial for them.

59. It would be inequitable for Defendants to retain the profits, obtained by its wrongful conduct in collecting a tax which was lifted for the sole purpose of making less expensive the consumption of food after the hurricanes.

60. Plaintiff, on behalf of himself and Class members, seeks restitution from Defendants, and an order of this Court disgorging all profits and benefits obtained by Defendants from the wrongful conduct.

61. The Defendant's acts and omissions as well as their failure to use reasonable care in this matter as alleged in this complaint, including but not limited to knowing the before mentioned tax collection was lifted and its collection was prohibited.

62. The Defendant's unconscionable, unfair, and deceptive acts and practices set forth in this complaint are likely and reasonably foreseeable to mislead Plaintiff and members of the Class acting reasonably in their reliance on Defendant's acts and practices, and to their detriment.

63. The Defendant's business practice, in its illegal collection of lifted sale taxes is immoral, unethical, oppressive, or unscrupulous, and/or is substantially injurious and caused actual damages to consumers.

64. As a direct and proximate cause of Defendant's violations of various applicable Treasury Department orders, Plaintiff and Class Members have incurred harm and damages as described

herein, and are entitled to recover for those damages, including but not limited to, actual damages, costs, and attorneys' fees.

65. Through its unfair acts and practices, Defendants have improperly obtained money from Plaintiff and members of the Class. As such, Plaintiff requests that this Court cause Defendants to restore this money to Plaintiff and all Class Members. Otherwise, Plaintiffs, the Class, and members of the general public may be irreparably harmed and/or denied an effective and complete remedy if such an order is not granted.

<u>**SECOND CAUSE OF ACTION**</u>

**(Conversion Against All Defendants)**

66. Plaintiff re-alleges and incorporates by reference the allegations contained in all previous paragraphs above as if fully set forth herein.

67. Pursuant to personal property statutes, Plaintiff and Class Members have clear legal ownership and right to their money.

68. Defendants wrongfully misappropriated Plaintiff's money for their own benefit and Plaintiff's and Class Member's detriment, in violation of Plaintiff's and Class Member's property rights.

69. As proximate result of Defendants acts misappropriation, Plaintiff and Class Members have been deprived of their property rights and suffered damages in an amount to be proved at trial.

70. The aforementioned acts of Defendants were willful, wanton, malicious, and oppressive were undertaken with the intent to defraud, and justify the awarding of exemplary and punitive damages.

71. Through its unfair acts and practices, Defendants have improperly obtained money from Plaintiff and the Class. As such, Plaintiff requests that this Court cause Defendants to restore this money to Plaintiff and all Class Members. Otherwise, Plaintiff, the Class, and members of

the general public may be irreparably harmed and/or denied an effective and complete remedy if such an order is not granted.

### THIRD CAUSE OF ACTION
**(Fraud Against All Defendants)**

72. Plaintiff re-alleges and incorporates by reference the allegations contained in all previous paragraphs as if fully set forth herein.

73. Defendants acted together and individually in systematically collecting the "IVU" sales tax in restaurants inside the hotels they administer and/or own. Each defendant acted with full knowledge that the collection of this tax had been lifted as established by the direct orders from the Governor of Puerto Rico and the Secretary of the Department of Treasury.

74. Defendants, suppressed and concealed facts to their customers and guests that the Department of Treasury had lifted the collection of the sales tax after the passing of the hurricanes.

75. The misrepresentations, nondisclosure, and/or concealment of material facts made by Defendants to Plaintiff and the members of the Class, as set forth above, were known, or through reasonable care should have been known, by Defendants to be false and material and were intended to mislead Plaintiffs and the members of the Class.

76. Defendants knew and concealed from Plaintiff and Class members the fact that the Secretary of the Treasury Department imparted an order to lift the collection of the sales tax applied to the food prepared at restaurants and fast foods.

77. Defendants knew collection of the sales tax at that moment was prohibited and violated direct and explicit orders from the Governor of Puerto Rico and its Treasury Department Secretary.

78. Defendants suppressed or concealed material facts with the intent to defraud Plaintiff and Class Members.

79. The aforementioned conduct of Defendants constitutes fraud, suppression and/or reliance and thereby depriving Plaintiff and Class members of property and/or legal rights or otherwise causing injury, and was despicable conduct that subjected Plaintiff and Class Members to cruel and unjust hardship in conscious disregard of the Plaintiff's and Class Members rights, so as to justify an award of exemplary and punitive damages.

80. Through its unfair acts and practices, Defendants have improperly obtained money from Plaintiff and the Class. As such, Plaintiff requests that this Court cause Defendants to restore this money to Plaintiffs and all Class Members. Otherwise, Plaintiffs, the Class, and members of the general public may be irreparably harmed and/or denied an effective and complete remedy if such an order is not granted.

81. The amount of the damages suffered by the Plaintiff and the other Class members shall be determined at trial.

<u>FOURTH CAUSE OF ACTION</u>
**VIOLATION OF THE RACKETEER INFLUENCED AND CORRUPT ORGAINIZATIONS ACT ("RICO") 18 U.S.C. §1962(c)**

82. Plaintiff re-alleges and incorporates by reference the allegations contained in all previous paragraphs  above as if fully set forth herein.

83. The association of Hugh A. Andrews, John Paulson, Fahad Ghaffar and the respective corporations and limited liability corporations (cumulatively, the "Conspirators"), constituted an enterprise within the scope of 18 U.S.C. §1961(c), which enterprise was engaged in, and whose activities affected, interstate and foreign commerce.  This enterprise is continuous in that it has been established for more than 10 years and all of the corporations have been used to hide and mask the actions of its agents and mayor shareholders, has been an ascertainable structure, and was distinct from the predicate offenses alleged here.

84. Each Conspirator is a person within the meaning of 18 U.S.C. §1961(3) and separate from the enterprise.

85. Defendants Hugh A. Andrews, John Paulson and Fahad Ghaffar are in charge of all its operations. As such, they set up, have orchestrated, and supervised the entire racketeering scheme at issue.

86. Conspirators' scienter is clearly established from their pattern and practices at issue.

87. Conspirators participated, and conspired with others (including their attorneys, accountants and others whose identities are known only to Conspirators at this time) to participate, in the affairs of the aforementioned enterprise through a pattern of racketeering activity, as more fully set forth below, an all in violation of 18 U.S.C. § 1962(c).

## Wire Fraud, Violations of 18 U.S.C. §1343

88. Defendants and the other members of the enterprise, having devised or intending to devise the scheme or artifice to defraud, and/or for obtaining money or property by means of false or fraudulent pretenses, representations, or promises, for the purpose of executing such scheme or artifice or attempting so to do, deposited checks and cash into a bank that is part of the interstate banking system. Also, the defendants received payments and reservations through the electronic payment method for Visa, Mastercard, ATM and others. In all, thousands of checks were deposited and electronic transactions made, and each check deposited or transaction received by the ATM system constitutes a separate occurrences of wire fraud. Specifically,

   a. Each check that was used to pay the food or reservations.

   b. Each electronic transaction made through the ATM and credit card system.

   c. All payment received for the services of room service.

89. Each participant knew, expected, reasonably foresaw, and intended that the facilities of the wires affecting interstate commerce would be used in furtherance of the racketeering scheme, and that such use was an essential part of the scheme.

90. The Conspirators willfully and with intent to mislead consumers included the sales tax to be included to the total of all the consumption made in the defendant's restaurants.

91. The sales tax collection was made by the Conspirators to class members from throughout the United States who came to Puerto Rico to help in the relief efforts after the hurricanes Irma and Maria.

92. Plaintiffs relied upon Conspirators' misrepresentations, and such reliance was reasonable.

93. On dates and times, known only to the Conspirators, Conspirators, in furtherance of the racketeering scheme, deposited checks, cash and had electronic wire transfers wired into the interstate banking system.

94. On dates and time, known only to the Conspirators, Conspirators, in furtherance of the racketeering scheme, used text messaging and electronic mail to communicate over the wires.

95. In addition to the collections for payments, Conspirators, with full knowledge the sales tax collection had been lifted, collected the tax and retained it for their personal gain.

96. Each restaurant and hotel, acted in concert with John Paulson, Fahad Ghaffar and Hugh A. Andrews to collect unnecessarily tax from the consumers.

97. Without the use of the interstate banking system, Defendants would not have been able to engage in their illegal conduct for customers who did not pay cash for their meals. Furthermore, on information and belief, cash collected from customers was deposited into the interstate banking system.

98. The practice of collecting the abated tax was intended to defraud, and benefit exclusively the defendants. As a result of these collection of lifted taxes Plaintiff and other members of the Class paid more for the consumption of their food than they would have otherwise had if there was no collection of the tax.

## Pattern of Racketeering Activity

99. The aforesaid acts had the same or similar purposes, results, participants, victims, and/or methods of commission, and were otherwise interrelated by distinguishing characteristics and were not isolated events.  The pattern of racketeering activity engaged in by Defendants consisted of a scheme executed by the aforementioned conspirators from September 21, 2017 to January 7, 2018 to collect and retain the before mentioned sales tax on prepared food that had been lifted by the direct order emitted by the Secretary of the Department of Treasury.

100.    The purpose of the scheme was to make additional monetary gains from each transaction done by the customers who consumed food at the restaurants and the guest who consumed room service at the hotel.

101.    The Conspirators devised this plan because of the rush and unavailability of government entities who could fine them or stop them. Additionally, the used the lack of knowledge and ease of communication of many of its guest to hide the collection of the tax.

102.    The racketeering acts identified hereinabove were related to one another and formed a pattern of racketeering activity in that they: (a) were in furtherance of a common goal, including the goal of profiting illegally by collecting a publicly lifted sales tax on prepared; (b) used similar methods; (c) had similar participants; and (d) had similar victims.

103.    Defendants participated in the scheme through themselves and its representatives, salesmen, employees and officers, and others whose identities are known only to Defendants

at this time.  Defendants benefitted enormously by the profits they made from the scheme, and the various amounts collected unlawfully.  The Conspirators knew, enabled, and actively participated in the racketeering scheme.

104.   Defendants engaged in a pattern of racketeering activity consisting of fraud and larceny. The predicate acts occurred over a period of four months.  Defendants received income from these patterns in the form of unwarranted payments. Defendants disbursed these funds amongst themselves in a manner known only to them.

105.   Thousands of individuals were defrauded by Defendants during the four-month period of the scheme.  Given the number of class members, Defendants' actions constitute a pattern of racketeering activity.

106.   Each Defendants' participation was critical to the racketeering scheme. They enabled, conducted, maintained, aided, and abetted the racketeering scheme by:

   a.   Supervising, conducting, and monitoring the conduct of the fraudulent scheme;

   b.   Concealing the scheme or, alternatively, consciously avoiding discovery of the scheme;

   c.   encouraging third parties to participate in the racketeering scheme;

   d.   Willfully violating, or being recklessly indifferent to, mandatory requirements of the orders emitted by the Treasury Department, federal laws and procedure concerning racketeering;

   e.   Keeping monies collected from the racketeering scheme

107.   The precise role played by each Defendant is known only to Defendants at this time.  Such information, and evidence concerning their participation, is exclusively within the possession and knowledge of Defendants.

108.    Plaintiffs have been injured in their business or property by reason of Defendants' violation of 18 U.S.C. §1962(c).  As a direct and proximate result of these violations, Plaintiffs have been injured in that, *inter alia*, Defendants took money from Plaintiffs in the guise of collecting sales taxes on products or services that had been lifted expressly by the Secretary of the Treasury Department.

109.    By reason of this violation of 18 U.S.C. §1962(c), Plaintiffs are entitled to recover from Defendants three times their damages plus pre- and post- judgment interest, costs and attorneys' fees.

**FIFHT CAUSE OF ACTION**
**VIOLATION OF THE RACKETEER INFLUENCED AND CORRUPT**
**ORGAINIZATIONS ACT ("RICO") 18 U.S.C.  §1962(d)**

110.    Plaintiff re-alleges and incorporates by reference the allegations contained in paragraphs 1-108 above as if fully set forth herein.

111.    In violation of 18 U.S.C. §1962(d), Defendants and others, whose identities are known only to Defendants at this time, conspired to violate the provisions of 18 U.S.C. §1962(c) in that, beginning between September 21, 2017 and through January 7, 2018, they knowingly agreed and conspired to conduct or participate, directly or indirectly, in the affairs of an enterprise through the pattern of racketeering activity described above.  The volume and frequency of the transactions is unknown, but could not have occurred without the consent and knowing connivance of Defendants and other Conspirators.

112.    As part of and in furtherance of their conspiracy, each Defendant agreed to and conspired in the commission of the many predicate acts described above, with the knowledge that they were in furtherance of that pattern of racketeering activity. As part of and in furtherance of

their conspiracy, each Defendant agreed to and did commit at least two predicate acts of racketeering.  Further, each Defendant's actions are attributable to the other Defendants.

113.    None of the Defendants have withdrawn, or otherwise dissociated themselves from the conspiracy at issue or the other Conspirators.

114.    Plaintiffs have been injured in business or property by reason of Defendant's violations of 18 U.S.C. §1962(d).

115.    As a direct and proximate result of each Defendant's violations, Plaintiffs have been injured as aforesaid.

116.    By reason of Defendants' violation of 18 U.S.C. §1962(d), Plaintiffs are entitled to three times their damages plus interest, costs and attorneys' fees.

## JURY TRIAL REQUESTED

Plaintiff requests a jury trial on all issues so triable

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff, on behalf of himself and all members of the Classes defined herein, by the undersigned attorney, prays for judgment as follows:

- Certification of the Class under Federal Rule of Civil Procedure 23 and appointment of Plaintiff as representative of the Class and her legal counsel as Class legal counsel;

- An order requiring imposition of a constructive trust and/or disgorgement of Defendant's ill-gotten gains and to pay restitution to Plaintiff and all members of the Class and to restore to the Plaintiff and members of the Class all funds acquired by means of any act or practice declared by this Court to be an unlawful,

fraudulent or unfair business act or practice, a violation of laws, statutes or regulations, or constituting unfair competition or false advertising;

- Distribution of any moneys recovered on behalf of members of the Class via fluid recovery or cy press recovery where necessary and as applicable, to prevent Defendant from retaining the benefits of the wrongful conduct;

- Compensatory and other damages for economic and non-economic damages identified herein, including all damages allowed by governing statutes; as well as Statutory pre-judgment and post-judgement interest.

- Treble damages as allowed under RICO, 18 U.S.C. 1962(c) and (d).

- Reasonable attorney's fees.

- Such other and further relief as the Court deems appropriate.

In San Juan, Puerto Rico, this 2nd day of May, 2018.

Respectfully submitted,

**S/FRANCISCO E. COLÓN-RAMÍREZ**
FRANCISCO E. COLÓN-RAMÍREZ
Bar No.: 210510
E-mail: fecolon@colonramirez.com
PO Box 361920
San Juan, PR 00936-1920
Tel.: (888) 760-1077
Fax: (305) 507-1920

Keith Altman (*pro hac vice* to be applied for)
Excolo Law, PLLC
26700 Lahser Road
Suite 401
Southfield, MI 48033
516-456-5885
kaltman@lawampmmt.com

*Attorneys for Plaintiff and the Class*